# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MAURICE GREEN, Register No. 507473, )
                                                                    )
             Plaintiff, )
                                                                      )
             v. )          No. 08-4071-CV-C-NKL
                                                                      )
LARRY CRAWFORD, et al., )
                                                                    )
             Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Maurice Green, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. Plaintiff seeks monetary, declaratory and injunctive relief under 42 U.S.C. § 1983.[1]

Named defendants are Missouri Department of Corrections, Larry Crawford, Director; Missouri Board of Probation and Parole, Steve Long, Chairman; John Doe, Chief State Supervisor, and Dana Thompson, Acting Chair.

A careful review of plaintiff's claims shows he alleges his Fourteenth Amendment rights are being violated by defendants' denial of his parole.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally,

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review, plaintiff's claims should be dismissed for failure to state a claim on which relief may be granted.

The Supreme Court held in Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole. Additionally, the Eighth Circuit and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole. Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, a Missouri prisoner's allegations challenging denial of parole do not state a claim under 42 U.S.C. § 1983. Id.

Further, to the extent plaintiff alleges that defendants failed to properly follow state policy and procedure, these claims also fail to state a claim under section 1983. There is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003); Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state-law procedural requirements."). See also Swenson v. Trickey, 995 F.2d 132, 135 (8th Cir. 1993) (inmate cannot base a section 1983 procedural due process claim on a violation of state procedural law).

Additionally, plaintiff's damage claims against Missouri Board of Probation and Parole, and Missouri Department of Corrections are barred by Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

Plaintiff's claims against members of the Missouri Board of Probation and Parole are also barred by immunity. Parole Board members are absolutely immune from suit when acting within their official duties, Gale v. Moore, 763 F.2d 341, 344 (8th Cir. 1985), for the reason that "parole officials in deciding to grant, deny, or revoke parole, perform functions

comparable to those of judges." <u>Evans v. Dillahunty</u>, 711 F.2d 828, 831 (8th Cir. 1983). Parole Board members are entitled to absolute immunity in a prisoner's section 1983 action alleging violation of due process or equal protection rights even if the Parole Board members made an unconstitutional or unlawful decision. <u>Mayorga v. Missouri</u>, 442 F.3d 1128, 1131 (8th Cir. 2006) (absolute immunity applies to prisoner's claim, even though Parole Board improperly classified him resulting in his parole denial).

Plaintiff's complaint should be dismissed because he has failed to state a claim under to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. <u>See</u> 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under

3

section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 21st day of May, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge