# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MAURICE GREEN, Register No. 507473,    )
           )
        Plaintiff,      )
           )
        v.         )      No. 08-4071-CV-C-NKL
           )
LARRY CRAWFORD, et al.,      )
           )
        Defendants.    )

## ORDER

On May 21, 2008, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions, motion to amend and amended complaint filed by plaintiff on August 19, 2008.

In review of his amended complaint and exceptions, this court finds plaintiff's claims have been adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff has no liberty interest in parole, Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 9-11 (1979), or in state officials following state policy or procedure. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003), Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state-law procedural requirements"). Plaintiff's cite to Wilkinson v. Dotson, 544 U.S. 74 (2005), in support of his claims is misplaced. Wilkinson allowed for constitutional challenges under 42 U.S.C. § 1983 to state parole procedures, where the relief sought was only declaratory and/or injunctive. In this case, plaintiff is not challenging the constitutionality of a statute, or seeking injunctive relief. Plaintiff is seeking damages from state defendants, who he alleges failed to follow state policy and procedure in the processing of his parole. They are absolutely immune

from such a suit and plaintiff fails to state a claim on which relief may be granted under section 1983.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On May 21, 2008, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $350.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $350.00 filing fee if he filed another pleading in this case. See 28 U.S.C. § 1915(b)(2).[1] A review of plaintiff's financial documentation indicates he is capable of paying an initial partial filing fee of $29.49.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $29.49 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full. It is further

ORDERED that plaintiff's motion to amend is granted. [14] It is further

ORDERED that the Report and Recommendation of May 21, 2008, is adopted. [7] It is further

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915.

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28

U.S.C. § 1915A, for failure to state a claim on which relief may be granted.


/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: January 16, 2009
Jefferson City, Missouri

3